Woodruff, J.
When the proposed review of the proceedings had upon a trial, requires that all or a large portion of the testimony be inserted in the case, and that testimony is voluminous, the labor of examining and settling it, when numerous amendments are proposed, is very great, and the Judge or referee is entitled to all the aid which counsel can give by arranging the papers so as easiest to present to his eye the precise difference between the parties.
To this end the settled practice requires that the lines of the case should be numbered, and that the amendments proposed should either be written on the case served or upon a separate paper, with a reference to the line and page of the original. (Milward v. Hallett, 1 Caines’ R., 344.) And it is usual to require, when the amendments are on a separate paper, that before the case and amendments are submitted for settlement, each place or passage where amendments are proposed to be made or inserted shall be distinctly marked on the case submitted.
And in ■ order, so far as possible, to abbreviate the labor of settlement, number 36 of the present Rules of Court requires that the party proposing a case or exceptions shall himself examine the amendments and mark upon each his assent or objection thereto.
These are rules of convenience, designed to facilitate the settlement of cases, and they must be observed. They are inconsistent with a proposal by the amending party to strike out the whole case and substitute another drawn by himself; and to permit this might lead to an abuse which would render the settlement of a case most tedious and embarrassing.
No doubt it would be a saving of time to the amending cotinsel if he might direct a scrivener to copy his own minutes of the trial, and by a single amendment propose to substitute it for the case served; and this would devolve upon the Judge or referee *618 the labor of comparison in detail, and often when in truth the particulars in which the difference is material are not numerous, and might easily be specified. Besides, if it be supposed, (as may often occur,) that the proposed case in many particulars best agrees with the Judge’s minutes, and in many other particulars the proposed substitute is most accurate, the Judge, instead of briefly marking the amendments “allowed” or “ disallowed,” will be compelled to enter into prolix details in the act of settlement, specifying, (with as much labor, or perhaps even more, than if he were himself proposing amendments to the case,) the allowances or disallowances he makes. Indeed he would find it little less laborious to transcribe the whole case, conforming it to his minutes of the trial.
A practice so inconvenient could not be tolerated. It is the duty of the amending party to specify in detail each amendment which he deems material, and to do it so as to lessen, so far as possible, the labor of comparison and settlement.
It can hardly be supposed that, where counsel are acting in good faith, a case will ever be found so inaccurate, and a proposed substitute so accurate that a single allowance or disallowance would only be necessary. If such a case should be proposed, the Court might give leave to substitute a new case. Ho advantage in such an instance would accrue to either party, or to the Judge, by requiring each line or sentence to be separately amended, and as many amendments proposed as there are lines or sentences in the case. When such an instance occurs it may form an exception to the rule, to be made the subject of a special application for leave to propose a substitute; but to entitle the party to do this he must show that it is not possible to make all material changes without proposing amendments which will in substance amount to a new case, or which will render the comparison and settlement more prolix and tedious than to receive an entire substitute.
The proper meaning and purpose of the rule in like manner forbid the striking out of large portions of the testimony by a single amendment, and, if counsel act in good faith in preparing the case, that can rarely if ever be necessary.
■ In the present case, although the affidavit of the plaintiff’s attorney states that the proposed case is very inaccurate, it is not *619 stated that there is any difficulty in specifying all the amendments of matters of substance in detail. Whole pages of the proposed substitute do not differ materially from the case as proposed. Indeed the language is to a large extent identical.
In conformity with what is unquestionably the general rule the proposed amendment (or substitute) must be set aside.
The plaintiff may serve amendments in detail within a reasonable time. The case is very voluminous, and if every alteration of language which the present substitute suggests should be made the subject of a specific amendment the amendments will be very numerous, but if the counsel look only to the substance of the testimony, and not to the mere form of words used, there will be no difficulty in so proposing amendments that the examination and settlement will not be burdensome.
As there is no reason to doubt that the amendment here was proposed in good faith, though not in conformity with the rule, I do not charge the plaintiff absolutely with the costs.
Amendment set aside, with leave’to the plaintiff to propose amendments in proper detail within twenty days.
Costs of motion $10, to the defendant, to form part of his costs in the action, and abide the event of his recovery herein.